UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Heaven Jackson, | ) | CASE NO. 5:22 CV 928 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Apple, *et al*., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* plaintiff Heaven Jackson filed this *in forma pauperis* action against over seventy defendants, including private corporations; telecommunications, entertainment, and media companies; and restaurants and hotels. (Doc. No. 1.) She asserts she alleges claims for "fraud, conspiracy to deprive of rights, treason, terrorism, invasion of privacy, sex trafficking and tampering with consumer products" (*id*. at 31), and she states her asserted basis for federal jurisdiction is "rape and sexual assault, fraud and related activity in connection with devices" and "conspiracy against rights" in violation of 18 U.S.C. §§ 1029 and 241. (*Id.* at 14, ¶ A.) But her over-276-page handwritten pleading, in which she states she seeks "800 billion" dollars in damages (*id*. at 28), is almost entirely illegible, incomprehensible, and impossible to parse for cogent factual allegations and potentially plausible federal civil legal claims.

One of the defendants, Chick-fil-A, has filed a motion to dismiss the complaint for frivolousness pursuant to 28 U.S.C. § 1915, and alternatively, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 4.) Plaintiff has not yet filed any opposition to this motion. It is not necessary for the Court to await a response and decide this motion because, for the reasons stated below, plaintiff's complaint is *sua sponte* dismissed.

## Standard of Review and Analysis

*Pro se* pleadings generally are entitled to liberal construction and are held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), but the lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or construct claims for them. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

A federal district court may, at any time, *sua sponte* dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In other words, a district court may *sua sponte* dismiss a complaint under Rule 12(b)(1) where it lacks "the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. A plaintiff has the burden of proving subject matter jurisdiction in order to survive dismissal pursuant to Rule 12(b)(1). *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996).

The Court finds that plaintiff's complaint warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*. The statements, assertions, and legal rhetoric set forth in her pleading fail to meet basic pleading requirements and are so incomprehensible, implausible, frivolous, and devoid of merit that they do not provide a basis to establish this Court's subject matter jurisdiction over any federal claim against any defendant in the case.

Plaintiff's complaint contains no legal theories upon which a valid federal claim may rest. Plaintiff indicates she seeks to assert claims under federal criminal statutes, but criminal statutes generally do not confer a private right of action and courts do not "routinely, imply private rights of action in favor of the victims of violations of criminal laws." *Ohlendorf v. United Food & Commercial Workers International Union*, Local 876, 883 F.3d 636, 642 (6th Cir. 2018); *see also U.S. v. Oguaju*, 76 Fed. App'x 579, 581 (6th Cir. 2003) (there is no private right of action for conspiracy under 18 U.S.C. § 241).

In addition, the allegations made in her pleadings, to the extent they can be deciphered, characterize fantastic or delusional scenarios. *See Abner v. SBC (Ameritech)*, 86 Fed. Appx. 958, 958 (6th Cir. 2004) (a *pro se* complaint is properly dismissed as frivolous "if it is based on legal theories that are indisputably meritless" or describes "fantastic or delusional scenarios").

## Conclusion

Accordingly, plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is *sua sponte* dismissed in its entirety for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*. In light of this ruling, Chick-fil-A's motion to dismiss is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE